UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
JONATHAN XAVIER LAMINIA GUACHAMBALA, :
:
                      Petitioner, :
:
        -against- :
:       MEMORANDUM DECISION
TODD M. LYONS, *Acting New York Field Office* :           AND ORDER
*Director, Immigration Customs and Enforcement and* :
*Removal Operations*; KRISTI NOEM, *Secretary of the* :        26 Civ. 1835 (GBD)
*Department of Homeland Security*; PAM BONDI, :
*Attorney General of the United States* :
:
                      Respondents. :
------------------------------------------------------------ x

GEORGE B. DANIELS, United States District Judge:

      Petitioner Jonathan Xavier Laminia Guachambala ("Petitioner") brings a Petition for Writ of Habeas Corpus (the "Petition"), pursuant to 28 U.S.C. § 2241, challenging his March 4, 2026, arrest and ongoing detention by officials from the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). (*See* Pet., ECF No. 1 ¶ 16.) Petitioner seeks his immediate release. Respondents (collectively, the Government) argue instead that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2). (See Gov't Letter Brief in Opp., ("Opp."), ECF No. 6-3, at 1.)

      This Court finds that the Government's detention of Petitioner fails to adhere to the statutory requirements governing the apprehension and detention of noncitizens within the United States. *See* 8 U.S.C. § 1226. Accordingly, the Petition is GRANTED IN PART, and the Government is ordered to hold a bond hearing within forty-eight (48) hours of this order, in which it bears the burden of demonstrating that Petitioner is either a danger to the community or a flight risk in order to justify any further detention.

## I. FACTUAL BACKGROUND

Petitioner is a citizen of Ecuador and Spain who entered the United States from Mexico on or about October 5, 2022. (Pet. ¶¶ 3, 15.) Petitioner entered the United States without inspection and was not arrested or detained at or near the border. (*Id.* ¶ 15.)

On March 4, 2026, DHS officers conducted a targeted enforcement action to locate and arrest a noncitizen pursuant to a Warrant for Arrest under 8 U.S.C. § 1226. (Encounter Report, ECF No. 6-3, at 2.) The officers witnessed their primary target approach a vehicle occupied by Petitioner. After stopping the vehicle, the officers ascertained that Petitioner was born in Ecuador and had not been lawfully admitted into the United States. (*Id.*) The officers then served Petitioner with a Warrant for Arrest pursuant to § 1226 and took him into custody. (*Id.*) After processing Petitioner at 26 Federal Plaza, DHS officials transported Petitioner to Delaney Hall in Newark, NJ where he is currently detained pending his removal proceedings. (Opp. at 1.)

On March 5, 2026, Petitioner filed this Petition. On March 6, 2026, this Court issued an Order to Show Cause and scheduled a hearing on the Petition for March 10, 2026. (ECF No. 4.) The Government filed a letter brief in opposition to the Petition that same day. (Opp.)

The Government's letter brief in opposition states that Petitioner is scheduled to appear before an immigration judge for a master calendar hearing on March 12, 2026.[1]

## II. LEGAL STANDARD

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). Under 28 U.S.C. § 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v.*

---

[1] This Court notes, however, that the Notice to Appear that DHS served on Petitioner following his arrest orders Petitioner to appear before an immigration judge on March 16, 2026. (ECF No. 6-2, at 1.) Additionally, as of the writing of this Memorandum Decision & Opinion, no future hearings are listed on the Executive Office for Immigration Review's case information system.

2

*Sessions*, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Denmore v. Kim*, 538 U.S. 510, 516–17 (2003)).

### III.   PETITIONER IS ENTITLED TO A BOND HEARING

"It is well established that the Fifth Amendment [Due Process Clause] entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." *Zadvydas*, 533 U.S., 690. These protections extend to noncitizens, including those in removal proceedings. *See id.* at 693 ("[T]he Due Process clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

This case, like so many before it, turns on which statute governs Petitioner's detention. As this Court recently stated in *Chen v. Almodovar*, No. 26 Civ. 291 (GBD), 2026 WL 172883 (S.D.N.Y. Jan. 22, 2026), "Courts in this district have repeatedly held that when a noncitizen is arrested while residing in the United States—as opposed to those arrested when they arrive at the border—their detention is governed by § 1226." *Chen*, 2026 WL 172883, at *2 (collecting cases). Unlike mandatory detention under § 1225(b)(2), detention under § 1226 is at the discretion of the Attorney General based on an evaluation of whether the detainee is a risk of flight or a danger to the community. "As long as the detained alien is not covered by § 1226(c), the Attorney General 'may release' the alien on 'bond . . . or conditional parole.'" *Jennings v. Rodriguez*, 138 S. Ct. 831, 847 (quoting 8 U.S.C. § 1226(a)).

The Government acknowledges that *Chen* is similar to this case. (*See* Opp. at 2.) In *Chen*, this Court granted the petition after finding that the petitioner had "resided in the United States for over two years before ICE detained him during a scheduled immigration check-in" and DHS had "consistently treated Petitioner as subject to detention on a discretionary basis under § 1226(a)."

3

*Chen*, 2026 WL 172883, at *2. Here, Petitioner resided in the United States for nearly four years before he was apprehended. Further, the Warrant for Arrest DHS issued to Petitioner specifically invokes its detention authority under § 1226. (See ECF No. 6-4, at 1.) In short, the Government could only detain Petitioner as someone "already in the country," *Jennings*, 138 S. Ct., at 838, pursuant to § 1226. The Government's invocation of § 1226 in its dealings with Petitioner supports this conclusion.

As a noncitizen detained under § 1226, Petitioner is entitled to receive a "bond hearing[] at the outset of detention." *Id.* at 847. Petitioner's continued detention is not mandatory or automatic under § 1225 as argued by the Government.

There is evidence in the record that suggests the Government may have exercised some discretion in detaining Petitioner. The Government argues that Petitioner is a danger to the community because he has an outstanding criminal charge for drunk driving. (Opp. at 2.) DHS's record of the encounter states that the officers served Petitioner with a Warrant for Arrest after Petitioner admitted to them that he did not have legal status to remain in the United States. (ECF No. 6-4, at 2.) Prior to serving the Warrant, the officers confirmed that Petitioner had never been lawfully admitted or previously detained. (*Id.*)

Accordingly, this Court orders that the Government conduct a bond hearing before an immigration judge, at which the Government bears the burden of demonstrating that Petitioner's detention is warranted because he is either (1) a danger to the community or (2) a flight risk. Additionally, because the Government has indicated that Petitioner is scheduled to appear before an immigration judge on March 12, 2026, they will have until that date to hold such a hearing. If a hearing cannot be scheduled to be conducted on or before that date, Petitioner shall be immediately released to appear before an immigration court at a future date.

## IV.    CONCLUSION

Petitioner's petition for writ of habeas corpus is **GRANTED IN PART**. The Government shall ensure that Petitioner receives a bond hearing before an Immigration Judge pursuant 8 U.S.C. § 1226(a) **within forty-eight (48) hours** of this Memorandum Decision and Order. If no hearing can be conducted by **March 12, 2026**, the Government shall immediately release Petitioner. At the hearing, the Government will bear the burden to prove, by clear and convincing evidence, that Petitioner's detention is necessary because he is a danger to the community or a flight risk in order to justify his further detention.

The Clerk of Court is directed to close this case.

Dated: New York, New York
       March 10, 2026

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge